OPINION *Page 2 
{¶ 1} Defendant-appellant Tyree Pearson appeals from his conviction on one count of possession of cocaine and one count of possession of marijuana in the Stark County Common Pleas Court. Appellant contends the trial court erred by denying his motion to suppress evidence garnered from an "all person" search warrant of private residence. In support, he claims the police exceeded the permissible scope of the warrant because he was not found within or at the residence at the time of the search.
 {¶ 2} The facts relevant to this case are as follows.
 {¶ 3} On November 27, 2007 at approximately 10:30 pm, officers of the Alliance City Police Department executed a search warrant for a second story duplex located at 837 South Linden Avenue in Alliance, Ohio. The warrant authorized officers to search all persons found within the second story unit, specifically including Stanley Pearson and Riche Roeder, as well as their vehicles for crack cocaine, marijuana, drug paraphernalia, drug equipment and other items which were evidence of drug trafficking and drug abuse.
 {¶ 4} The entrance to 837 South Linden is from a first story door. The door opens to an L-shaped stairway leading directly into the living room of the second story unit. There is no other door between the entrance door and the living room.
 {¶ 5} When officers arrived at the residence, Stanley Pearson, Riche Roeder and their infant child were present. Mr. Pearson and Ms. Roeder were secured and searched. The officers then conducted a search of the residence as well as the vehicle listed in the search warrant. *Page 3 
 {¶ 6} Officers had been at the residence approximately 30-45 minutes when they heard someone coming up the steps toward the living room yelling, "Yo, you home?" Officers Vesco, Minich and Brown were at the top of the stairs when appellant came into view. Officer Vesco was aware that appellant was Mr. Pearson's uncle and that appellant was known to carry weapons. The officers ordered appellant to stop. Appellant put hands up and began backing away. Officers Minich and Brown approached appellant who was on the second flight of steps and brought him into the living room where he was patted down. A bottle of liquor was found in his left coat sleeve. As the officers were lowering appellant to the ground, he tried to put his hands in his pockets. Officer Vesco grabbed both of appellant's hands and put them behind his back. Appellant was handcuffed and searched. Officer Vesco asked appellant, "Do you have anything I should know about in your pockets?" Appellant broke into a cold sweat and Officer Vesco searched appellant's left pants pocket and found two baggies, one containing marijuana and the other containing crack cocaine.
 {¶ 7} In January 2008, the Stark County Grand jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree, and one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor. Appellant pleaded not guilty.
 {¶ 8} Appellant filed a motion to suppress the cocaine and marijuana alleging that the search warrant did not give the officers authority to search him and the search went beyond a Terry pat down. After a hearing, the trial court denied the motion, finding that the search warrant included all persons found at the residence. The trial court specifically found "there is no dispute that he was within 837 Linden at the time, and the *Page 4 
fact that there are steps going up from an outer doorway, that's within the premises, and * * * clearly within the description of the search warrant * * *which gives them that * * * authority." (T. at 46-47). Photographs of the layout of the door, steps and living room were admitted as exhibits.
 {¶ 9} Appellant thereafter entered a plea of no contest. The court convicted him and sentenced him to ten months incarceration. The trial court suspended the sentence pending this appeal.
 {¶ 10} Appellant raises one Assignment of Error:
 {¶ 11} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 I. {¶ 12} Appellant argues that the trial court's finding was against the manifest weight of the evidence and the trial court incorrectly decided the ultimate issue. Appellant first argues the search warrant was not applicable to him because he was not found within the premises. Next, appellant argues that the officer lacked reasonable, articulable suspicion to stop, detain and search him.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982) 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct *Page 5 
law to the findings of fact. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; andGuysinger, supra.
 {¶ 14} Appellant argues the trial court's finding that search warrant applied to him was in error. Specifically, he argues he had not entered the residence when he was seized and that he was a mere passerby or guest.
 {¶ 15} The relevant language of the search warrant executed on November 27, 2007 states:
 {¶ 16} "THEREFORE, YOU ARE HEREBY COMMANDED to search, within three (3) days, with or without canine assistance, the premises situated at and known as a two-story, duplex residence, second floor, gray-colored siding, white trim, 837 S. Linden Ave., Alliance, Stark County, Ohio, 44601, including any outbuildings, and all persons, specifically including the persons of Stanley Pearson and Riche Roeder foundtherein and any vehicles located thereon or used by them for transportation for evidence of any of the above specified items (including, but not limited to, illegal and contraband drugs, including crack cocaine and marijuana, as well as drug paraphernalia, dangerous ordnance, ammunition, money, cell phones, 2000 Dodge 4DR bearing VIN # *Page 6 
2B3HD46R5YH262321 and other drug equipment, records, logs, books, ledgers) and any and all other criminal instruments and items that may be found therein and seize the same and forthwith make a return of said property so seized with this court; and in the alternative you may for safe keeping log the inventories items in the police evidence room." (Emphasis added.)
 {¶ 17} There is no dispute the warrant was a valid "all persons" search warrant where any persons found within the area where the search is permitted may be fully searched, whether the person is known or unknown. See, State v. Kinney (1998), 83 Ohio St.3d 85, 698 N.E.2d 49. Although appellant does not challenge the validity of the underlying search warrant, he argues that the warrant does not apply to him. Appellant attempts to argue he had not entered the residence and was a mere passerby or visitor, citing People v. Gross (1984),124 Ill.App.3d 1036, 465 N.E.2d 119. We find Gross is distinguishable from this case because the warrant in Gross was to search the premises and person of a "Tom Sawyer". The scope of that warrant was very narrow unlike the "all persons" warrant here.
 {¶ 18} The testimony of Officer Vesco at the suppression hearing undisputedly established that appellant was inside the unit, specifically on the second set of stairs leading to the living room. Officer Vesco testified appellant jogged up the steps, turned on the landing, and began to come up the second set of steps when he was observed by the police officers and ordered to stop.
 {¶ 19} At a suppression hearing, the trial court serves as the trier of fact and must judge credibility, witnesses, and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Upon a careful review of the record, we *Page 7 
find the trial court's conclusion that appellant was found within the residence was not against the manifest weight of the evidence.
 {¶ 20} We need not address whether the pat down search of appellant was justified even without a warrant. The search in this case was not a "protective search" pursuant to Terry. Rather, as we have examined above, the police had authority to detain and search appellant pursuant to the "all persons" warrant.
 {¶ 21} Accordingly, appellant's assignment of error is overruled.
 {¶ 22} The judgment of the Stark County Common Pleas Court is hereby affirmed.
Delaney, J., Hoffman, P.J. and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1